F I L E D

12/31/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 23-0496

# SYNOPSIS OF THE CASE[1]

**2025 MT 304, PR 23-0496: IN THE MATTER OF AUSTIN MILES KNUDSEN, An Attorney at Law,** Respondent.

The Montana Supreme Court issued an Opinion and Order in this matter, upon review of the Commission on Practice proceeding and Order. The Court affirmed in part and reversed in part the Commission's Order and dismissed the proceeding.

During the 2021 Legislative Session, a dispute arose among the Executive, Legislative, and Judicial Branches regarding a proposed bill (Senate Bill 140) which changed the way the Governor appointed judges to fill vacancies. The dispute included subpoenas from the Legislature to obtain email files from then-Court Administrator Beth McLaughlin, followed by multiple court proceedings which resulted in orders to quash the Legislative subpoenas and return the materials obtained via the subpoenas. In the course of this dispute, Montana Attorney General Austin Knudsen and his subordinates engaged in multiple communications to the Court—via letter and in court filings—accusing members of the Supreme Court of conflicts of interest, unethical conduct, and self-serving decisions. The Office of Disciplinary Counsel (ODC) received a complaint against Knudsen for alleged violations of the Montana Rules of Professional Conduct (MRPC), the rules governing conduct of all attorneys in Montana. The ODC Special Counsel conducted an investigation and charged Knudsen with 41 counts of misconduct. The Commission on Practice convened a hearing on the Knudsen misconduct allegations on October 9-10, 2024. On October 23, 2024, the Commission issued a decision, finding Knudsen had committed five violations of the MRPC:

> (1) Rule 3.4(c) for disobeying an obligation or order of a Court, or for violating his oath as an attorney;
> (2) Rule 5.1(c) ordering or approving the conduct of his subordinate attorney(s) in disobeying an obligation or order of a Court;
> (3) Rule 8.2(a) for making a statement known to be false or made with reckless disregard for the truth or falsity thereof, when such statement concerns the qualifications or integrity of a judge;
> (4) Rule 8.4(a) as a violation for a violation of any other rule; and
> (5) Rule 8.4(d) for engaging in conduct prejudicial to the administration of justice.

Knudsen filed objections of the Commission's findings to the Montana Supreme Court. He argued the separation of powers under the Montana Constitution prevented the Commission and the Supreme Court from regulating the Attorney General's conduct under the MRPC. He asserted he had not violated any rules of professional conduct. And he argued the Commission on Practice violated his constitutional right to due process because

---

[1] This synopsis has been prepared for the convenience of the reader. It constitutes no part of the Opinion and Order of the Court and may not be cited as precedent.

of the procedural errors in the trial. ODC Special Counsel Timothy Strauch responded in support of the Commission decision, asserting Knudsen committed 41 violations of MRPC. The Commission had recommended Knudsen be suspended from the practice of law for 90 days; Strauch did not make a specific recommendation for discipline.

Five members of the Supreme Court recused themselves, leaving only newly-elected Chief Justice Cory Swanson and Associate Justice Katherine Bidegaray on the panel. Chief Justice Swanson appointed five District Court Judges to sit on the panel to hear the matter: Judge Rod Souza and Judge Jessica Fehr from the Thirteenth Judicial District; Judge Gregory Bonilla from the Ninth Judicial District; Judge Paul Sullivan from the Eleventh Judicial District; and Judge Luke Berger from the Fifth Judicial District. The Court heard oral argument on this case on March 28, 2025.

Chief Justice Cory Swanson wrote the Opinion and Order of the Court. The Court decision held as follows:

**Separation of Powers:** (Unanimous) The Montana Attorney General is subject to the Montana Rules of Professional Conduct and regulation by the Supreme Court because the Montana Constitution requires him to be an attorney admitted to the bar and in good standing. Separation of powers does not exempt Knudsen from disciplinary proceedings.

**Alleged Violations of the Rules of Professional Conduct:**
1. (Unanimous) Knudsen violated Rule 3.4(c) of the Rules of Professional Conduct by failing to comply with the Supreme Court's Order to return the materials obtained by subpoena until after the United States Supreme Court denied his Petition for Writ of Certiorari.
2. (Unanimous) Knudsen violated Ruled 5.1(c) of the Rules of Professional Conduct by directing or ratifying the conduct of his subordinate attorneys in failing to comply with the Supreme Court's Order to return the materials obtained by subpoena.
3. (Unanimous) Knudsen did not violate Rule 8.2(a) of the Rules of Professional Conduct because the ODC failed to prove his statements critical of the Court were knowingly false statements or made with reckless disregard for the truth or falsity thereof.
4. (Unanimous) Knudsen did not violate Rule 8.4(a) because this rule should not be applied to create an automatic repeat violation of any other rule.
5. (6 Member Majority) Knudsen did not violate Rule 8.4(d) because the ODC did not prove Knudsen's conduct had a nexus to an adverse effect upon a specific court proceeding.

**Alleged Violations of Knudsen's Due Process Rights:**
1. (Unanimous) Knudsen argued the Commission on Practice violated his rights by refusing the prosecutor's initial recommendation and referring it back for formal charging. The Supreme Court rejected that argument, finding the Commission acted

2

within its authority to reject the initial recommendation and re-refer the matter for further investigation and charging.

2.  (Unanimous) Knudsen argued the Commission violated its own rules when the Chairman denied his Motion for Summary Judgment, without relying on a quorum of the panel to make this decision. The Supreme Court agreed the Chairman violated the Commission's rules, because a summary judgment order requires the full panel's participation. Knudsen suffered minimal prejudice from this action, because the Supreme Court ultimately affirmed the denial of the Summary Judgment motion.

3.  (6 Member Majority) Knudsen argued the Commission violated his due process rights when it granted ODC's motion to exclude his expert witness without allowing Knudsen time to respond to the motion. The Supreme Court agreed this violated Knudsen's due process, and it was not cured by a later motion to reconsider under Rule 60 of the Rules of Civil Procedure.

4.  (6 Member Majority) Knudsen argued the Commission violated his due process rights by issuing inadequate Findings of Fact, Conclusions of Law, and Order, which were lacking in detail and insufficient for appellate review. The Supreme Court agreed with Knudsen, finding the Commission's legal conclusions were wholly inadequate to explain its decision.

**Conclusion**: (6 Member Majority) The Supreme Court rejected the Commission's recommendation for a bill of costs and a 90 day suspension from the practice of law. Due to the seriousness of the Commission's due process violations, the Supreme Court issued its opinion as a public admonition to the Attorney General and dismissed the case.

**Concurrence**: District Judge Paul Sullivan filed a Concurring Opinion, joining in the Majority's reasoning and agreeing the Court correctly dismissed the proceeding. Judge Sullivan would hold each branch of the state government acted with zeal to assert its prerogatives, and each contributed to the constitutional conflict of 2021, further noting the ODC's prosecution of Knudsen took on political overtones. Under these circumstances, Judge Sullivan would hold the proceeding should be dismissed for the additional and preliminary reason of separation of powers and judicial restraint.

**Concurrence and Dissent**: Justice Bidegaray filed a concurring and dissenting opinion. While she agreed with the majority that Knudsen violated M. R. Pro. Cond. 3.4(c) and 5.1(c) when he disobeyed the Court's *McLaughlin* Order and ratified his subordinates similar misconduct, Knudsen also violated M. R. Pro. Cond. 8.4(d) because disobeying a lawful court order is prejudicial to the administration of justice. Justice Bidegaray dissented from the majority's conclusions that the Commission denied Knudsen due process. She concluded the Commission correctly denied summary judgment, correctly excluded inadmissible expert opinion testimony, and rendered a decision sufficient for appellate review under the Court's de novo standard. By forgoing remand—the ordinary

3

remedy for an insufficient Commission decision—the majority implicitly acknowledged that the decision was sufficient for appellate review.

Justice Bidegaray disagreed that any Commission action prejudiced Knudsen's ability to defend himself. Instead, Knudsen was afforded notice and a two-day hearing where he testified, presented evidence, and cross-examined witnesses—all the process due under Montana law. Justice Bidegaray criticized the majority's reliance on irregular Commission procedure to dismiss the disciplinary action entirely where the Court itself deviated from its own procedural rules in deciding the case on appeal, creating an untenable double-standard.

Finally, Justice Bidegaray dissented from the majority's dismissal decision because dismissal in the face of proven rule violations was not supported by Montana law. After analyzing the MRLDE punishment factors, Justice Bidegaray concluded that Knudsen's role as the state's attorney general, position of public trust, the nature of his proven counts of misconduct, his refusal to take accountability, and other aggravating factors outweighed the limited mitigating effect of non-prejudicial Commission procedural irregularities. Justice Bidegaray concluded that Knudsen should be subject to public censure, a 30-day suspension, and be assessed costs of the proceedings.